C. A. ROSEBOROUGH, Appellant, v. BOARD OF SUPERVISORS OF DALLAS COUNTY et al., Appellees.

CHARLES ROSEBOROUGH et al., Appellants, v. BOARD OF SUPERVISORS OF DALLAS COUNTY et al., Appellees.

DRAINS: Assessment—Appeal—Waiver of Grounds. A landowner who appeals from a drainage assessment on the ground of inequitableness, but tries the appeal on the theory that the outlet of the ditch is inadequate, with asserted willingness to pay his assessment if the outlet be made adequate, may not complain that the court took

him at his word, and confirmed the assessment on condition, assented
to by the ditch authorities, that the outlet be made adequate.

*Appeal from Dallas District Court.*—LORIN N. HAYS, Judge.

APRIL 6, 1921.

THE plaintiffs are the owners of four 40-acre tracts of land,
included in a drainage district known as No. 64, in Dallas
County. The district having been duly established and the im-
provement completed, an assessment was levied upon the lands
within the district, for the expense so incurred. The amount so
levied upon the plaintiff's property aggregated $5,833.26. To
this assessment plaintiffs filed objections, alleging that the same
was higher in proportion than the amount charged upon
other lands similarly situated and similarly benefited, and greatly
in excess of the benefits derived by said lands from the improve-
ment, and was unjust and inequitable. These objections were
overruled by the board of supervisors. From this order plain-
tiffs appealed to the district court, where the several appeals were
consolidated and tried together.

The court, having heard the evidence, confirmed the assess-
ments, subject, however, to certain conditions hereinafter shown,
and the plaintiffs again appeal.—*Affirmed.*

*Harry Wifvat* and *D. H. Miller,* for appellants.

*E. W. Dingwell* and *S. Trevarthen,* for appellees.

PER CURIAM.—On the trial below, the plaintiffs conceded
that, if the outlet of the main drain operated properly to permit
the discharge of the drainage waters from their land and to fur-
nish an outlet for their lateral ditches, they would have no ob-
jections to their assessments, as compared with the assessments
upon other tracts within the district. Acting upon this con-
cession, the court entered judgment confirming the assessment,
but suspended the payment thereof until the outlet should be
cleaned out and placed in as good condition as when originally
constructed.

Referring to the petition to ascertain what objections were, in fact, raised before the board of supervisors, we find no specific objection or complaint concerning the outlet. The burden of the complaint there made is that the assessment is excessive and out of proportion with those levied on other lands, and is unjust and inequitable, and that the improvement does not in any way benefit plaintiff's lands. There is no testimony whatever in the record as to the amounts assessed upon lands other than those of the plaintiff, and we have nothing before us to show that, as between the several tracts of land composing the district, the assessments are not fairly and equitably proportioned and distributed. The sole contention, as the case was finally tried, is upon plaintiff's claim, just disclosed in the testimony offered, that the outlet is inadequate and insufficient to permit the plaintiffs to effectually drain their lands, or some material parts thereof.

As we understand the record, the lands within the district are, for the most part, very nearly level, with but slight or moderate fall or slope. The main ditch is tiled along its upper course, and from the mouth of the tile the drainage or outlet is through an open ditch. At the time of the trial, this outlet had been in use for about a year, and had become filled or clogged to a considerable extent, with the result that some of plaintiff's land which lies at or near the outlet was not properly drained. There is also some evidence tending to show that the open outlet was not made deep enough to afford a clear and unobstructed discharge of the drainage.

The trial court found, and the evidence is sufficient to justify the finding, that, as originally constructed, the outlet was sufficient, and that its unfavorable operation was due to the fact that the fall was too slight to prevent the early clogging of the current and consequent interruption of the drainage. In suggesting its purpose to so hold, the court expressed the view that it was the duty of the board of supervisors to see that the outlet was properly cleaned and opened before enforcing collection of the assessments, and the defendants in open court consented that such condition should be attached to the judgment of confirmation. In this situation, plaintiff's objection to the assessments being limited to the alleged defective condition or operation of the outlet, and liability to pay such assessments being suspended

until that condition is remedied, it would seem that the judgment as rendered accomplishes the ends of justice, and works no hardship to either party to the controversy.

As abstract propositions, most of the points made in appellant's brief may be conceded, but the cases as tried and submitted in the trial court do not call for their application or discussion at this time.

The decree appealed from is—*Affirmed.*